## WILLIAM C. HALL *versus* JAMES YOUNG.

In an action brought in a State court against a foreign consul, it did not appear by tne plaintiff's own showing, nor upon a plea to the jurisdiction, that the defendant was a consul, but judgment was rendered upon a default; and on *scire facias* against the bail it was *held*, that he could not take advantage of the want of jurisdiction in the original action.

SCIRE FACIAS against the defendant as bail of George Man ners to a writ issued from the Court of Common Pleas.

The defendant pleaded in the Court of Common Pleas, 1. That Manners, at the time of the impetration of the original writ, was, and ever since had been, consul of the king of the United Kingdom of Great Britain and Ireland, duly ac- credited by the president of the United States ; and to this there was a general demurrer : — 2. *Nul tiel record ;* and upon this an issue to the court was taken. The plaintiff produced the record of the judgment in the original suit of Hall against Manners, which stated that Manners appeared at the return term, in April 1823, and pleaded to the jurisdiction of the court, that he was consul, &c., and that cognizance of the ac- tion belonged to the District Court of the United States ; and the record further stated, that the action was continued to July term following for judgment final, and from thence to October term following to be defaulted ; and that at that term Manners 81 made default, and thereupon judgment was rendered.

The judgment of the Court of Common Pleas on both issues was against the defendant Young ; whereupon he filed his ex- ceptions.

*Bliss* for the defendant. The courts of the United States *March 23d.* have exclusive jurisdiction in cases relating to consuls.[1] U. S. Laws, 1 *Cong.* 1 *Sess. c.* 20, § 9 ; *Manhardt* v. *Soderstrom,* 1 Binn. 138 ; *United States* v. *Ravara,* 2 Dallas, 297 ; *Com- monwealth* v. *Kosloff,* 5 Serg. & Rawle, 545 ; *United States* v. *Lathrop,* 17 Johns. R. 4. The arrest was therefore a nullity. *Pearce* v. *Atwood,* 13 Mass. R. 344 ; *Winslow* v. *Hathaway,*

[1] 3 Story's Comm. on Const. 523; 1 Kent's Comm. (2nd ed.) 45; Sergeant's Const. Law, 222; *Davis* v. *Packard,* 7 Peters, 276; *Cohens* v. *Virginia,* 6 Wheat. 396; *Osborn* v. *United States Bank,* 9 Wheat. 738.

1 Pick. 211 ; *Turner* v. *Felgate*, 1 Lev. 95. If the original writ was voidable only, and on the ground of a personal privi lege, the bail are nevertheless entitled to be discharged. *Cross-ley* v. *Shaw*, 2 W. Bl. 1087 ; *Merrick* v. *Vaucher*, 6 T. R. 50 ; *Robertson* v. *Patterson*, 7 East, 405 ; *Commonwealth* v. *Riddle*, 1 Serg. & Rawle, 311. So where they cannot sur render their principal. *Champion* v. *Noyes*, 2 Mass. R. 481 *Harrington* v. *Dennie*, 13 Mass. R. 93 ; *Bean* v. *Parker*, 17 Mass. R. 604. The plaintiff must be presumed to have known that Manners was a consul, and the Court will *ex officio* take notice of the fact.

As to the second plea, if the Court of Common Pleas had no jurisdiction, as appears by the facts stated in the first plea, there could be no record. And the bail may by plea take ad vantage of the want of jurisdiction. *Davol* v. *Davol*, 13 Mass R. 264 ; *Smith* v. *Rice*, 11 Mass. R. 514 ; *Martin* v. *Com-monwealth*, 1 Mass. R. 347 ; *Lawrence* v. *Smith*, 5 Mass. R. 362.

*Washburn* for the plaintiff. Manners was not called consul in the original writ, and it not appearing of record that the Court of Common Pleas had no jurisdiction, they were obliged to render judgment against him. That judgment stands good until it shall be reversed on error. Upon a *scire facias* advan tage cannot be taken of any thing which might have been shown as a defence in the original action. *Wilcox* v. *Mills*, 4 Mass. R. 218 ; *Thatcher* v. *Gammon*, 12 Mass. R. 269 ; *Champion* v. *Noyes*, *ubi supra* ; *M'Farland* v. *Irwin*, 8 Johns. R. 77 ; *Mechanics' Bank* v. *Hazard*, 9 Johns. R. 392. The court refuses to take jurisdiction by consent, only where the want of jurisdiction appears on the record ; here there was a personal privilege[1] which might be waived. *Full* v. *Hutchins*, 2 Cowp. 422 ; *M'Neil* v. *Bright*, 4 Mass. R. 303 ; *White* v. *Quarles*, 14 Mass. R. 453.

*Bliss*, in reply, referred to *Taylor* v. *Phillips*, 3 East, 154, and *Alden* v. *Lee*, 1 Yeates, (Penns.) 160, and cases there

---

[1] Contra *Davis* v. *Packard*, 7 Peters, 276. The privilege of freedom from arrest, of an ambassador's servant, is the privilege of the ambassador and not of the servant. *Fisher* v. *Begrez*, 2 Crompt. & Mees. 240; 3 Tyr. Ex. R. 184; 2 Dowl. Pract. Cas. 279; 4 Tyr. Ex. R. 35.

cited, to show that the consent of a defendant cannot give juris-
diction.

PARKER C. J. delivered the opinion of the Court to the
following effect.   If it had been shown upon a plea to the juris-
diction in the original action, that Mr. Manners was a consul,
a judgment against him would have been erroneous, and the bail
would be discharged.   But that fact does not appear on the re-
cord in that action, and the agreement to be defaulted was a
waiver of the want of jurisdiction.[2]  It is said that all courts are
to take notice of a person's being a consul, on account of his
*exequatur* ; but he may be a consul one day and cease to be
such the next, and yet his *exequatur* may not be taken from him.
When therefore he is sued, if he would avail himself of his
privilege, he must make it appear that he was a consul, unless
the other party shows it ; as by calling him consul in the origin-
al writ.[3]

*Judgment affirmed.*

---

[2] See *Bank of Utica* v. *City of Utica,* 4 Paige, 399.  In *Davis* v. *Packard,* 7
Peters, 276, it was decided, that if a consul, being sued in a State court, omits
to plead his privilege of exemption from the suit, and afterwards, on removing
the judgment of the inferior court to a higher court by a writ of error, claims
the privilege, such an omission is not a waiver of the privilege.  It is also
held in the same case, that the privilege of being sued only in the courts of
the United States, is *not* a personal privilege of the consul, which he may
waive at his pleasure, but that it is the privilege of the country or government
which the consul represents.  See also *Davis* v. *Packard,* 6 Peters, 41 ; *Inger-
soll* J., in *Hart* v. *Granger,* 1 Connect. R. 169.

[3] But see *Davis* v. *Packard,* 7 Peters, 276 ; *S. C.* 6 Peters, 41.  In *Latham*
v. *Edgerton,* 9 Cowen, 227, it is said, that the want of jurisdiction is a matter
that may always be set up against a judgment, when sought to be enforced,
or where any benefit is claimed under it.  The want of jurisdiction makes it
utterly void and unavailable for any purpose.  *Borden* v. *Fitch,* 15 Johns. R.
141 ; *Mills* v. *Martin,* 19 Johns. R. 33 ; *Smith* v. *Elder,* 3 Johns. R. 105 ;
*Coffin* v. *Tracy,* 3 Caines's R. 129.